IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**RICHARD SANCHEZ,**
          Petitioner,

          v.                                                          CIV. NO. 07-0067 MV/LCS

**ROBERT ULIBARRI, et al.,**
          Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Richard Sanchez's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, filed January 18, 2007 (*Doc. 1*), and Respondents' Motion to Dismiss with Prejudice, filed March 23, 2007 (*Doc. 11*). Mr. Sanchez attacks the Judgment and Sentence in the Third Judicial District, Dona Ana County, State of New Mexico entered June 14, 2005. (*Doc 6, Ex. A*). Respondents seek dismissal, asserting that Mr. Sanchez has failed to state a claim pursuant to 28 U.S.C. § 2254. (*Doc. 11*). The United States Magistrate Judge, having considered the Motion, the briefs, the record, relevant law, and being otherwise fully advised, finds that Mr. Sanchez's petition is not well-taken and should be **DENIED**.

**I.    STANDARD**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs the Court's review of Mr. Sanchez's application. 28 U.S.C. § 2254(d). Under the AEDPA, the

appropriate standard of review for a particular claim is determined by the state courts' treatment of that claim. *Welch v. Sirmons*, 451 F.3d 675, 682 (10th Cir. 2006). If a state court has not addressed a claim on the merits, *de novo* review is appropriate. *Id*. But if a state court has addressed a claim on the merits, a federal court may not grant an application for a writ of habeas corpus unless the state decision was (1) "contrary to" or an "unreasonable application" of "clearly established" federal law, as determined by the Supreme Court, or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceedings." 28 U.S.C. § 2254(d).

A state court decision is "contrary to" federal law if it "'arrives at a conclusion opposite to that reached by the Supreme Court on a question of law'" or "'decides a case differently than the Court has on a set of materially indistinguishable facts.'" *Young v. Sirmons*, 486 F.3d 655, 662-63 (10th Cir. 2007) (quoting *Torres v. Lytle*, 461 F.3d 1303, 1311 (10th Cir. 2006)). When reviewing a state court's summary disposition, the focus is on the result rather than any reasoning. *Stevens v. Ortiz*, 465 F.3d 1229, 1235 (2006). However, when reviewing fully reasoned opinions, "this circuit has not focused solely on the result 'where the state court's explicit *reasoning* contravenes Supreme Court precedent.'" *Id*. (quoting *Brown v. Uphoff*, 381 F.3d 1219, 1225 (10th Cir. 2004), *cert denied*, 543 U.S. 1079 (2006)).

A state court decision is an "unreasonable application" of federal law if it "'correctly identifies the governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Young*, 486 F.3d at 663 (quoting *Torres*, 461 F.3d at 1131). "'[A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable.'" *Penry v. Johnson*, 532 U.S. 782, 792-93 (2001) (quoting *Williams v.*

*Taylor*, 529 U.S. 362, 409 (2000)).  Even if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application was also objectively unreasonable.  *Id.*

A state court decision rests on an "unreasonable determination of the facts" where a petitioner shows by "clear and convincing evidence" that a factual finding is erroneous.  *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005).  Otherwise, factual findings are presumed correct.  28 U.S.C. § 2254(e)(2).

Only federal constitutional principles clearly established at the time of the conviction are relevant.  *Allen v. Reed*, 427 F.3d 767, 774 (10th Cir. 2005); *see also Teague v. Lane*, 489 U.S. 288 (1989).  Moreover, even if application of the above standard does not preclude further review by the federal court and even if a constitutional violation is found, habeas relief may not issue unless the violation is of the sort that warrants such relief.  *Williams*, 529 U.S. at 375.

The Tenth Circuit has held that in at least one circumstance the court reviewing a habeas petition should not grant AEDPA deference to a state court's decision.  *See Torres v. Lytle*, 461 F.3d 1303, 1311-1312 (10th Cir. 2006)("when we consider any additional material facts from the trial transcript that were not placed before the...[state court on direct review], we should not defer.)[1]

---

[1] In *Torres*, the court of appeals found that, based upon New Mexico's appellate review process, no court had actually reviewed the trial record. *Torres*, 461 F.3d at 1307-08, 1312. Instead, the reviewing courts had relied on a "docketing statement", which consists of a necessarily peeled down version of the facts as submitted by the parties through an iterative process with the court. *Id*. In a prior appeal, the Tenth Circuit had found questionable the sufficiency of the evidence in the docketing statement to support the petitioner's conviction. *Id.* at 1310. The Court therefore remanded, ordering a review of the trial record to determine whether there were sufficient facts to support petitioner's conviction. *Id*. In the second appeal, the Tenth Circuit found that the relevant facts in the trial record were not significantly different from the docketing statement facts, and it concluded that there was insufficient

## II. PROCEDURAL HISTORY

The New Mexico Court of Appeals recited the following facts, which Petitioner has not disputed:

> on or about September 4, 2003, an officer observed the vehicle [Petitioner] was driving cross the center lane several times, crossing into oncoming traffic. The officer ...attempted to stop [Petitioner's] vehicle for failure to maintain his lane and for driving on a suspended/revoked license by following [Petitioner] and using his lights and siren... [Petitioner] failed to stop, drove to his home, pulled into his driveway, stopped his car, and got out. The officer identified himself as a police officer and told [Petitioner] to stop. [Petitioner] then went into his home and the officer followed. Upon contact with [Petitioner], the officer apparently smelled the odor of alcohol on [Petitioner's] breath. [Petitioner] fought with the officer and was eventually arrested and taken to the police station where he refused to give either a breath or blood sample.

(*Doc. 6, Ex. H at 3*).

On March 16, 2005, Petitioner was convicted by a jury on four counts: (1) aggravated driving while under the influence of intoxicating liquor or any drug in violation of N.M. STAT. ANN. 1978 § 66-08-102(G); (2) resisting, evading or obstructing an officer in violation of N.M. STAT. ANN. 1978 § 30-22-01; (3) driving while license suspended or revoked in violation of N.M. STAT. ANN. 1978 § 66-05-039; and (4) failure to maintain traffic lane in violation of N.M. STAT. ANN. 1978 § 66-07-317. (*Doc. 6, Ex. A at 1*). Petitioner was also found to be a multiple DWI offender with three prior convictions. *Id. at 2*. He was sentenced to three years and one hundred and eighty days to be followed by one year on parole, plus fines. *Id. at 3*.

---

evidence to support petitioner's conviction. *Id*. at 1313-14.

Petitioner filed a petition for writ of habeas corpus in the state district court prior to filing a direct appeal on March 14, 2006. (*Doc. 6, Ex. B*). Petitioner claimed: (1) prosecutorial misconduct; (2) warrantless search and seizure; and (3) violation of confrontation clause rights. *Id. at 3*. He stated that he had not filed a direct appeal because his counsel was ineffective. *Id. at 5*. The state district court summarily dismissed the petition without prejudice and ordered Petitioner's trial counsel to file a direct appeal. (*Doc. 6, Ex. C*). Petitioner subsequently filed a notice of appeal on March 28, 2006. (*Doc. 6, Ex. D*). Petitioner raised two issues: (1) whether Petitioner's rights were violated when a police officer arrested Petitioner in his home; (2) whether Petitioner's counsel was ineffective for failing to challenge the arrest. (*Doc. 6, Ex. E at 2*). On May 2, 2006, Petitioner's case was assigned to the summary calender and the New Mexico Court of Appeals proposed summary affirmance. (*Doc. 6, Ex. F*). Following Petitioner's filing of an opposition brief, (*Doc. 6, Ex. G*) the court of appeals affirmed Petitioner's conviction.

On October 23, 2006, Petitioner filed a petition for writ of certiorari to determine whether Petitioner received ineffective assistance of trial counsel where counsel failed to challenge the police officer's warrantless entry into Petitioner's home to arrest Petitioner. (*Doc. 6, Ex. I*). The New Mexico Supreme Court denied the petition for writ of certiorari on November 27, 2006. (*Doc. 6, Ex. J*). Petitioner then filed the instant petition on January 18, 2007. (*Doc. 1*). Respondents filed an answer on March 5, 2007 (*Doc. 6*) and a motion to dimiss on March 23, 2007 (*Doc*. 11). On May 11, 2007, this Court entered an order appointing an attorney from the Federal Public Defenders Office to represent petitioner (Doc. 14). The Court

also ordered that the parties research and consider *Welsh v. Wisconsin*, 466 U.S. 740 (1984), in any further proceedings.

**III. ANALYSIS**

Petitioner claims that he is entitled to habeas relief on the grounds that the state court decision is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." (*Doc. 25*, quoting 28 U.S.C. § 2254(d)).

As stated *supra*, a state court decision is "contrary to" clearly established Supreme Court presented if the state court applies a rule that contradicts the governing law enunciated by the Supreme Court. *Williams*, 529 U.S. at 406. A state court decision constitutes an unreasonable application of clearly established federal law if the state court correctly identifies the governing Supreme Court precedent but unreasonably applies it to the facts of the Petitioner's case. *Id* at 407.

Petitioner cites *Welsh v. Wisconsin*, 466 U.S. 740 (1984), to support his claim that the district court's decision and the court of appeal's affirmation are contrary to the federal law previously established in *Welsh*. (*Doc. 25*). However, this Court finds *Welsh v. Wisconsin* is neither applicable nor controlling precedent sufficient for determining relief under 2254(d)(1). In *Welsh*, a private citizen observed the petitioner driving erratically. *Welsh*, 466 U.S. at 742. After the car stopped, the driver walked off and the citizen called the police, informing them that the driver was either "very inebriated or very sick." *Id.* An officer then checked the registration information and found that petitioner's residence was nearby. *Id.* The officer, having no

6

information regarding a criminal offense or violation, went to the driver's home and gained entry. *Id.* at 743. The petitioner was found in his room, and was placed under arrest for DWI, a misdemeanor in Wisconsin. *Id.* He was taken to the police station, where he refused a breath test. *Id.* The Supreme Court held that warrantless misdemeanor arrests in the home are prohibited by the Fourth Amendment, absent a showing of probable cause and exigent circumstances neither of which were present in *Welsh*. *Id.* at 749.

Here, Petitioner was seen *by the officer* to be driving erratically and failed to stop when the officer used his lights and sirens. (*Doc. 6, Ex. H at 4*). After following Petitioner to his home, the officer again asked him to stop, and was ignored by the Petitioner, who entered his home. This is distinguishable from *Welsh*, because in that case the officer had no reason to know whether a violation had actually occurred, and arrested that petitioner for a first time offense. In this case, the officer personally observed the violations, and attempted to stop petitioner numerous times. Furthermore, Petitioner argues that "although some DWI's are prosecuted under New Mexico law as felonies, a first DWI is a misdemeanor, just as in *Welsh*. *See* N.M. STAT. ANN. 1978 § 66-08-102(E)(2004)." (*Doc. 28 at 2*). Petitioner further contends "[t]hus, as in *Welsh*, the officer in this case entered Mr. Sanchez's home without a warrant based on suspicion that Mr. Sanchez had committed minor offenses. In any case, regardless of whether the ultimate charge was a felony or a misdemeanor, there was no longer any need to protect public safety once Petitioner had arrived at his home." (*Doc. 28 at 2*, quoting *Welsh*, 466 U.S. at 753). However, this was not Sanchez's first DWI. Sanchez admitted that he has multiple DWI offenses and was convicted previously on August 16, 1974, May 21, 1999, and March 2, 2000.

*(Doc 6, Ex. A at 6)*, making this offense, Petitioner's fourth, and therefore potentially a fourth degree felony under N.M. STAT. ANN. 1978 § 66-08-102(F).[2]

The court of appeals held that "[f]or a warrantless arrest to be reasonable it must be based upon both probable cause and exigent circumstances. *See, e.g., Campos v. State*, 117 N.M. 155, 159, 870 P.2d 117, 121 (1994). The validity of warrantless arrests when an officer has both probable cause and exigent circumstances is also a matter of federal law. *See Coolidge v. N.H*, 403 U.S. 443, 475 (1971)("It is accepted, at least as a matter of principle, that a search or seizure carried out on a suspect's premises without a warrant is per se unreasonable, unless the police can show that it falls within one of a carefully defined set of exceptions based on the presence of 'exigent circumstances.'"). *See also United States v. Thomas*, 372 F.3d 1173, 1177 (10th Cir. 2004)("The Supreme Court has recognized several types of exigent circumstances that may justify a warrantless entry into a home, including the hot pursuit of a fleeing felon, the imminent destruction of evidence, the need to prevent a suspect's escape, or the risk of danger to police officers or other people inside or outside the home").

Exigent circumstances are "an emergency situation requiring swift action to prevent imminent danger to life or serious damage to property, or *to forestall the imminent escape of a suspect* or destruction of evidence." *See State v. Gomez*, 1997-NMSC-006, ¶. 39, 122 N.M. 777, 932, P.2d 1 (internal quotation marks and citation omitted)." *(Doc. 6, Ex. H at 4)*. The court of

---

[2] Upon a fourth or subsequent conviction pursuant to this section, an offender is guilty of a fourth degree felony, as provided in Section 31-18-15 NMSA 1978, and shall be sentenced to a jail term of not less than six months, which shall not be suspended or deferred or taken under advisement. N.M. STAT. ANN. 1978 § 66-08-102(G).

appeals found both probable cause and exigent circumstances justified the warrantless arrest of petitioner. (*Doc. No. 6, Ex. H at 4*).  Upon consideration, this court does not find *Welsh* to be applicable precedent, and agrees with the New Mexico Court of appeals that there was probable cause and exigent circumstances.  Petitioner's Fourth Amendment claims are insufficient to grant relief.  As a result, Petitioner's claim that his counsel provided ineffective assistance based on the alleged failure to raise the Fourth Amendment is also insufficient, since there was probable cause and exigent circumstances.  *See Strickland v. Washington*, 46 U.S. 688 (1984).

Even if *Welsh v. Wisconsin* were not distinguishable, under 2254(d)(1) if a state court has addressed a claim on the merits, a federal court may not grant an application for a writ of habeas corpus unless the state decision was (1) "contrary to" or an "unreasonable application" of "clearly established" federal law, as determined by the Supreme Court, or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceedings."  28 U.S.C. § 2254(d).

In *Young v. Sirmons*, the court of appeals explains that "when a petitioner seeks relief under the first prong of the Antiterrorism and Effective Death Penalty Act (AEDPA),the court asks first whether the principle of federal law invoked by the petitioner was clearly established by the U.S. Supreme Court at the time of the state court judgment." *Young,* 486 F.3d at 663, quoting *Turrntine v. Mullin*, 390 F.3d 1181, 1189 (10th Cir. 2004).  "A decision is contrary to clearly established federal law if a state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Court has on a set of materially indistinguishable facts." *Torres v. Lytle*, 461 F.3d at 1311.

In *Penry v. Johnson*, the Supreme Court explained that "a state court decision will be 'contrary to' our clearly established precedent if the state court either 'applies a rule that contradicts the governing law set forth in our cases,' or 'confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.'" *Penry v. Johnson*, 532 U.S. 782 (2001). Even if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application was also objectively unreasonable. *Id.* The facts in this case are not materially indistinguishable, therefore the guidelines set out in *Young* and *Penry* are not applicable.

Furthermore, the fact that the New Mexico Court of Appeals did not discuss *Welsh v. Wisconsin*, does not rise to the level of being "contrary to" clearly established federal law. The court of appeals found there to be sufficient probable cause and exigent circumstances to justify the warrantless arrest of Petitioner. (Doc. 6, Ex. H, quoting *State v. Gomez*, 1997-NMSC-006 ¶ 39, 122 N.M. 777, 932 P.2d 1). They reasoned:

> [t]he officer testified that he observed Defendant repeatedly crossing the center lane into oncoming traffic, that he attempted to stop Defendant with his siren and lights, and that he told Defendant to stop when Defendant got out of his vehicle and entered his house, all of which effort by the officer to stop Defendant were apparently ignored by Defendant. Defendant testified that he never saw the officer, or the unmarked car following him, that he never saw any lights or heard any sirens, and refused to give a breath sample because he was angry. The jury is, however, entitled to reject Defendant's version of events. *See, e.g. State v. Rojo*, 2999 - NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829.

(Doc. 6, Ex. H at 3).

After considering the holding in *Welsh v. Wisconsin,* and the reasoning behind the decision of the New Mexico Court of Appeals, I believe that the finding the court of appeals was

not "contrary to" or an "unreasonable application" of "clearly established" federal law. As a result, Petitioner's warrantless arrest is valid, and not in violation of the Fourth Amendment.

## IV.     RECOMMENDATION

It is hereby recommended that Respondents' motion to dismiss (*Doc. 11*) be **GRANTED**, and that Mr. Sanchez's petition for writ of habeas corpus (*Doc. 1*) be **DISMISSED** as without merit. Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(c). Within ten days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to § 636(b)(1)(c), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Boulevard N.W., Albuquerque, NM 87102. A party must file objections within the ten day period if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**