IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICHARD SANCHEZ,
        Petitioner,

vs.                                                No. CIV 07-0067 MV/LCS

ROBERT ULIBARRI, Warden, and
Attorney General for the
State of New Mexico,
        Respondents.

## ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition (PFD) filed December 19, 2007. (Doc. 30). Petitioner filed objections on January 8, 2008. (Doc. 31). Respondents filed no objections. Pursuant to 28 U.S.C. § 636(b)(1), I have conducted a *de novo* review of the entire file and find Respondents' objections to be without merit. The Court further finds the Proposed Findings and Recommended Disposition, as specifically supplemented below, should be adopted.

Petitioner objects to the Magistrate Judge's PFD on two grounds: (1) that *Welsh v. Wisconsin* is controlling precedent and therefore "the state courts' failure to apply it was an unreasonable application of the controlling federal law as determined by the United States Supreme Court" (Doc. 31 at 4), and (2) that Petitioner received "ineffective

assistance of counsel at his trial in violation of his Sixth and Fourteenth Amendment Rights." *Id.*

Petitioner objects to the Magistrate Judge's conclusion that *Welsh v. Wisconsin* is "neither applicable nor controlling precedent" in this case, arguing that it is directly on point and therefore requires granting the petition. As discussed in the PFD, the facts in *Welsh v. Wisconsin* are distinguishable from Petitioner's case (Doc. 30 at 6). For example, in *Welsh*, the arresting police officer did not observe a misdemeanor or felony in progress, but went to the petitioner's house after a tip from a private citizen. *Welsh v. Wisconsin*, 466 U.S. 740, 742 (1984). That fact is distinguishable from the facts Petitioner provided in his objections to the Magistrate Judge's PDF which states:

> ". . . an off-duty police officer in Las Cruces saw Mr. Sanchez at a convenience store/gas station. Mr. Sanchez was having difficulty walking. He got into his car and drove away. . . the officer followed him. The officer attempted to pull Mr. Sanchez over by using the lights and siren on the unmarked car. . . ."

(Doc. 31 at 2). Petitioner also stated that "[t]he officer further testified that he suspected only minor crimes: driving with a suspended license and failing to maintain his lane." *Id.* at 4.

In his objections, Petitioner argues that the fact that the officer personally observed him, as opposed to in *Welsh*, where the officer was operating on a tip from a private citizen, is not the rationale upon which *Welsh* turned. *Id.* at 8. However, these differences are offered to demonstrate that the facts in Petitioner's case are distinguishable from those in *Welsh*. Furthermore, Petitioner has shown concern with the Magistrate Judge's argument that Petitioner has multiple DWI offenses (Doc. 31 at

2

10). That fact is irrelevant as, under New Mexico law, a police officer may make a warrantless arrest even for a misdemeanor if he has probable cause to believe the offense occurred in his presence. *Tanberg v. Sholtis*, 401 F.3d 1151, 1156 (10th Cir. 2005). *See also Boone v. State*, 105 N.M. 223, 731 P.2d 366, 369 (N.M. 1987); *City of Roswell v. Mayer*, 78 N.M. 533, 433 P.2d 757, 758-59 (N.M. 1967); *Cave v. Cooley*, 48 N.M. 478, 152 P.2d 886, 889-90 (N.M. 1944). In this case, and by the Petitioner's own admissions, the arresting officer personally witnessed what he believed to be at least misdemeanor offenses. (Doc. 31 at 2).

In his recommended findings, the Magistrate Judge explained that exigent circumstances involve "an emergency situation requiring swift action to prevent imminent danger to life or serious damage to property, or *to forestall the imminent escape of a suspect* or destruction of evidence" (Doc. 30 at 8, quoting *State v. Gomez*, 1997-NMSC-006 ¶ 39, 122 N.M. 777, 932, P.2d 1). It is here that another significant difference between the facts in Petitioner's case and *Welsh* can be found. In *Welsh*, the officer proceeding to the petitioner's home, entered the house and found him lying naked in bed. *Welsh*, 466 U.S. at 743. Contrastingly, here the officer *observed* Petitioner's difficulty walking as he exited the convenience store and got into his car, and observed him failing to maintain his lane. (Doc. 31 at 2) The officer *pursued* Petitioner to his home, attempting to stop him with lights and sirens, and upon reaching his home, the officer verbally asked Petitioner to stop. *Id.* It is much less likely that the petitioner in *Welsh*, found lying naked in bed, could be characterized as someone possible of imminent escape, versus Petitioner Sanchez, who (1) was more capable of immediately escaping and (2) had more reason to make an immediate escape based on

3

the fact the officer had been following him with lights and sirens and had attempted to stop him again at his house. *Id.*

Based on the facts of Petitioner's case, the state courts found sufficient probable cause and exigent circumstances. (Doc. 6, Ex. H at 4). Furthermore, even if *Welsh* were not distinguishable, under 28 U.S.C. § 2254(d)(1), if a state court has addressed a claim on the merits, a federal court may not grant an application for writ of habeas corpus unless the state decision was (1) "contrary to" or an "unreasonable application" of "clearly established" federal law, as determined by the Supreme Court, or (2) "based on a unreasonable determination of the facts in light of the evidence presented in State Court proceedings." 28 U.S.C. § 2254(d)(1).

A state court decision "is contrary to clearly established federal law if a state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Court has on a set of *materially indistinguishable facts.*" *Torres v. Lytle*, 461 F.3d 1303, 1311 (10th Cir. 2006)(emphasis added). *See also Penry v. Johnson*, 532 U.S. 782 (2001) (holding that "a state court decision will be 'contrary to' our clearly established precedent if the state court . . . confronts a set of facts that are materially indistinguishable form a decision of this Court and nevertheless arrives at a result different from our precedent").

The facts in *Welsh v. Wisconsin* are distinguishable from Petitioner's facts, set forth in the Magistrate Judge's findings, and do not merit a finding that the state court's decision was "contrary to" established precedent. Thus, there is no merit to the argument that Petitioner's Fourth Amendment rights were violated. If Petitioner's primary argument is without merit, there can be no showing that there is a "reasonable

4

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 690 (1984). In *Strickland*, the Court held

> "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. The purpose of the Sixth Amendment guarantee of counsel is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding. Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution."

*Strickland*, 466 U.S. at 692.

Petitioners have failed to cite any new legal authority that would convince this Court that his petition should be granted.

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Proposed Findings and Recommended Disposition filed December 19, 2007 (Doc. 30) are adopted by the Court.

**IT IS SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE